f UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,                              Case No. 18-20074
                                                  Hon. Mark A. Goldsmith

vs.

TRASHAWN JOHNSON,

       Defendant.

_____/

## OPINION & ORDER
## DENYING DEFENDANT TRASHAWN JOHNSON'S MOTION FOR COMPASSIONATE RELEASE (Dkt. 30) WITHOUT PREJUDICE

This matter is before the Court on Trashawn Johnson's motion for compassionate release (Dkt. 30). Because Johnson has not exhausted his administrative remedies, his motion for compassionate release must be denied without prejudice.

Johnson seeks compassionate release under the First Step Act of 2019, Pub. L. 115-391, 132 Stat. 5194. The First Step Act modified the statute concerning the compassionate release of federal prisoners, 18 U.S.C. § 3582, such that district courts may entertain motions filed by incarcerated defendants seeking to reduce their sentences, United States v. Sapp, No. 14-cr-20520, 2020 WL 515935, at *1 (E.D. Mich. Jan. 31, 2020). Generally, federal courts cannot "modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). However, under 18 U.S.C. § 3582(c)(1)(A)(i), a court may reduce a sentence if, after considering the sentencing factors set forth in § 3553(a), the court finds that "extraordinary and compelling reasons warrant such a reduction. 18 U.S.C. § 3582(c)(1)(A).

Before seeking compassionate release from federal courts, however, prisoners must "fully exhaust[ ] all administrative rights" or else they must wait for 30 days after the warden's "receipt of [their] request." 18 U.S.C. § 3582(c)(1)(A). The Sixth Circuit recently held, among other things, that there are no statutory exceptions to this exhaustion requirement. United States v. Alam, 960 F.3d 831, 835-836 (6th Cir. 2020). When faced with an unexhausted motion for compassionate release, district courts must dismiss the motion without prejudice. See id. at 836 ("If (rather than dismissing) we sat on untimely compassionate release motions until the 30-day window ran its course, we could end up reviewing stale motions.").

Johnson has not fully exhausted his remedies. Johnson asserts in his motion that he has fully exhausted his administrative remedies, Mot. at 1, however, he has not provided any support for that assertion. The Government represents that the Bureau of Prisons has no record of Johnson ever making a request for compassionate release. Resp. at 14. Johnson has not filed a reply brief in support providing evidence to the contrary. Therefore, in light of the Sixth Circuit's clear instruction on exhaustion, Johnson's motion for compassionate release (Dkt. 30) must be dismissed without prejudice.

SO ORDERED.

Dated: January 4, 2021  
    Detroit, Michigan

s/Mark A. Goldsmith  
MARK A. GOLDSMITH  
United States District Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on January 4, 2021.

s/Karri Sandusky  
Case Manager